OPINION
{¶ 1} Defendant-appellant Charles E. Adams appeals his conviction and sentence for the following offenses: two counts of rape, in violation of R.C. § 2907.02(A)(2), both felonies of the first degree; one count of kidnaping, in violation of R.C. § 2905.01(A)(4), a felony of the first degree; one count of aggravated robbery, in violation of R.C. § 2911.01(A)(3), a felony of *Page 2 
the first degree; one count of victim intimidation, in violation of R.C. § 2921.04(B), a felony of third degree; one count of gross sexual imposition, in violation of R.C. § 2907.05(A)(1), a felony of the fourth degree; and one count of theft, in violation of R.C. § 2911.02(A)(3), a felony of the third degree.
 {¶ 2} On May 12, 2006, a grand jury indicted Adams for two counts of rape, one count of kidnaping, aggravated robbery, intimidation of a crime victim, gross sexual imposition, and robbery. Adams was arraigned on May 16, 2006, stood mute, and the trial court entered a not guilty plea on his behalf.
 {¶ 3} On March 13, 2007, Adams filed a motion to suppress. A hearing was held on said motion on April 13, 2007, after which the trial court overruled Adams' motion to suppress. On May 14, 2007, Adams filed a motion to dismiss in which he argued that the police department destroyed evidence relating to his case. The court conducted a hearing on Adams' motion to dismiss on September 7, 2007, and issued a written decision in which it overruled the motion on September 11, 2007.
 {¶ 4} After negotiations with the State, Adams agreed to plead no contest to all seven counts in the indictment in return for the dismissal of two pending probation revocation cases. The trial court found Adams guilty of all counts and sentenced him as follows: 10 years for each count of rape; 10 years for the kidnaping charge; 10 years for the aggravated robbery charge; 5 years for the intimidation of the victim charge; 5 years for the theft charge; and 18 months for the charge of gross sexual imposition. The trial court ordered that the sentences in Count I for rape and Count II for kidnaping be served consecutively while the sentences for the remaining counts in the indictment be served concurrently, resulting in an aggregate sentence of 20 years. *Page 3 
The trial court also designated Adams as an aggravated sexually-oriented offender.
 {¶ 5} Adams filed a timely notice of appeal with this Court on November 20, 2007.
 I {¶ 6} The incident which forms the basis for Adams' arrest and subsequent conviction occurred on the afternoon of December 14, 1997, when the victim, E.C., was leaving the Victoria Theater in downtown Dayton, Ohio. As E.C. approached her car, Adams appeared and forced her into the passenger side of her car. Adams entered the car and drove around with E.C. for a period of time during which he raped E.C. both vaginally and orally. At some point, Adams also attempted to use E.C.'s ATM card to withdraw money from her account. After driving around for some time, Adams returned downtown, releasing E.C. at a parking garage. Before departing, Adams threatened to kill E.C. if she told anyone about the attack.
 {¶ 7} Thereafter, E.C. immediately drove home and told her father that she had been raped. E.C.'s father called the police and took his daughter to Greene Memorial Hospital where a rape kit was performed. Approximately nine years later, Adams was identified through a DNA match as the individual who raped E.C. after he was arrested for another offense.
 {¶ 8} As previously stated, Adams ultimately pled no contest to all seven counts in the indictment. The trial court found him guilty on all counts and sentenced him accordingly. It is from this judgment that Adams now appeals.
 II {¶ 9} Adams' first assignment is as follows:
 {¶ 10} "THE TRIAL COURT ERRED WHEN IT FOUND MR. ADAMS GUILTY OF ALL SEVEN COUNTS AND DID NOT MERGE ANY OF THE COUNTS." *Page 4 
 {¶ 11} In his first assignment, Adams contends that the trial court erred when it failed to merge any of the seven counts in the indictment before finding him guilty on all counts. Specifically, Adams argues that the court erred by failing to merge the sentences for kidnaping, gross sexual imposition, and rape; the sentences for rape and aggravated robbery; the sentences for rape and robbery; the sentences for aggravated robbery and robbery; and the sentences for kidnaping and aggravated robbery.
 {¶ 12} Initially, we note that Adams did not object to the court's failure to merge any of the counts in the indictment at the trial level. It is well-settled that failure to raise the issue of merger of allied offenses of similar import before the trial court constitutes a waiver of the issue on appeal absent a showing of plain error. State v.Comen (1990), 50 Ohio St.3d 206, 211. "To be `plain' within the meaning of Crim. R. 52(B), an error must be an `obvious' defect in the trial proceedings." State v. Landgraf, Montgomery App. No. 21141,2006-Ohio-838, citing State v. Barnes, 94 Ohio St.3d21, 27, 2002-Ohio-68. In order to reverse a criminal judgment based upon plain error, an appellate court must determine the following: 1) whether there was an error; 2) whether the error was plain error; and 3) whether the defendant was prejudiced by the error. United States v. Olano (1992),507 U.S. 725, 113 S.Ct. 1770, 1777-1778, 123 L.Ed.2d 508, 519-520. Thus, in order to establish that the trial court erred by failing to merge the various offenses in the indictment, Adams must demonstrate that the error prejudiced the outcome of the proceedings.
 {¶ 13} Crim. R. 11(C)(2)(b) requires that the trial court inform the defendant of the constitutional guarantees he is waiving prior to accepting a no contest plea and determine that "defendant understands that effect of the plea * * *." The effect of a plea of no contest is that it *Page 5 
"is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment * * *." Crim. R. 11(B)(2).
 {¶ 14} In State v. Bird, 81 Ohio St.3d 582, 584, 1998-Ohio-606, the Ohio Supreme Court stated that "the trial court is required to find the defendant guilty of the charged offense if the indictment alleges sufficient facts to state a felony offense, i.e., if the indictment is sufficient to state an offense." State v. Landgraf, Montgomery App. No. 21141, 2006-Ohio-838. The requirements regarding no contest pleas in misdemeanor cases are different than the rules in felony cases. Pursuant to R.C. § 2937.06(A)(1), in misdemeanor cases, the trial court is required to hear an explanation of the circumstances surrounding the offense and then determine whether the facts are sufficient to convict on a misdemeanor offense following a no contest plea. In a felony case, however, Crim. R. 11 permits a plea of no contest to a criminal charge, and does not require an explanation of the circumstances. Instead, the rule permits the court to enter judgment only based upon the facts as alleged in the indictment. If the State, however, presents a statement of facts that contradict the felony charged in the indictment by negating an essential element to the commission of the alleged offense, the trial court cannot make a finding of guilt on the basis of the charges alleged in the indictment. State v. Wooldridge (October 6, 2000), Montgomery App. No. 18086.
 {¶ 15} At the plea hearing in the instant case, the State correctly recited all of the essential elements of each offense with which Adams was charged by reading each count into the record. In other words, the indictment alleged sufficient facts to state the felony offenses. As is permissible in felony cases, the State did not provide any explanation of the circumstances surrounding the offenses in the indictment. The trial court was, therefore, required to find *Page 6 
Adams guilty of the charged offenses when he plead no contest to all of the counts in the indictment.
 {¶ 16} Simply put, there is nothing in the record demonstrating that any of the counts should be treated as allied offenses of similar import, necessitating merger. No facts were placed on the record suggesting the same animus for multiple counts, nor are there facts in the record suggesting anything less than distinct counts. Plain error is not demonstrated.
 {¶ 17} Adams' first assignment of error is overruled.
 III {¶ 18} Adams' second and final assignment of error is as follows:
 {¶ 19} "APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."
 {¶ 20} In his final assignment, Adams contends that his trial counsel rendered ineffective assistance of counsel when he failed to request that the trial court merge any of the counts in the indictment.
 {¶ 21} "When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether defendant'sSixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness."State v. Bradley (1989), 42 Ohio St.3d 136, citing State v. Lytle
(1976), 48 *Page 7 
Ohio St.2d 391, 396-397, vacated in part on other grounds (1978),438 U.S. 910, 98 S.Ct. 3135.
 {¶ 22} The above standard contains essentially the same requirements as the standard set forth by the United States Supreme Court inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, supra, at 687-688. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."Id. Thus, counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. Id.
 {¶ 23} For a defendant to demonstrate that he has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, absent counsel's errors, the result of the trial would have been different. Bradley, supra, at 143. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, supra, at 694.
 {¶ 24} Based upon our disposition with respect to Adams' first assignment of error, we find that appellant has failed to establish that his trial counsel rendered ineffective assistance when he failed to request that some of the counts in the indictment be merged since there is no evidence on the record from the plea hearing that merger was appropriate under the circumstances. As stated previously, Adams' counsel negotiated the dismissal of two pending revocation cases in return for Adams' pleas. Moreover, by agreeing to enter no contest pleas to *Page 8 
the counts in the indictment, Adams obtained a sentence which was less than half of the maximum sentence possible.
 {¶ 25} Adams' final assignment of error is overruled.
 IV {¶ 26} All of Adams' assignments having been overruled, the judgment of the trial court is affirmed.
FAIN, J. and FROELICH, J., concur. *Page 1