[Cite as *State v. Cox*, 2013-Ohio-301.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25143 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2011-CR-1025 |
| v. | : | |
| | : | |
| MICAH COX | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of February, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. #0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

BRYAN K. PENICK, Atty. Reg. #0071489, Penick & Deters, 1800 Lyons Road, Dayton, Ohio 45458
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1}    Micah Cox appeals from his conviction and sentence on two counts of sexual

battery and two counts of unlawful sexual conduct with a minor.

{¶ 2} Cox advances two assignments of error on appeal. First, he contends the trial court erred in failing to merge his sexual battery and unlawful sexual conduct convictions. Second, he claims the trial court erred in overruling a suppression motion.

{¶ 3} The record reflects that a county victim's advocate overheard jailhouse telephone conversations between Cox and his fifteen-year-old stepdaughter while he was incarcerated on drug charges. Based on the content of the conversations, the advocate believed Cox and his stepdaughter had been having sex. Police contacted the stepdaughter, who claimed Cox had raped her. A detective interviewed Cox in jail. The March 8, 2011 interview took place one day after Cox had received a lengthy prison sentence on the drug charges. The detective advised Cox he was going to be questioned about allegations of rape and unlawful sexual conduct with a minor. At Cox's request, the detective provided a definition of rape. Cox responded by proclaiming that he never had sex with women against their will or forced anyone to have sex. Cox proceeded to waive his *Miranda* rights and acknowledged having consensual sex with his stepdaughter more than 100 times.

{¶ 4} On May 25, 2011, a grand jury indicted Cox on two counts of unlawful sexual conduct with a minor. On August 18, 2011, Cox was indicted on two counts of sexual battery. He subsequently moved to suppress his jailhouse confession, arguing that the detective had misled him about the nature of the potential charges. Cox claimed that no rape allegation was being investigated or pursued at the time of the interview. Following a suppression hearing, the trial court overruled Cox's motion. He pled no contest to the four charges. The trial court found him guilty and sentenced him accordingly. This appeal followed.

{¶ 5} In his first assignment of err, Cox contends the trial court should have merged

his sexual battery and unlawful sexual conduct with a minor convictions as allied offenses of similar import.

{¶ 6} Applying the test found in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, Cox argues that his act of having sex with his stepdaughter constituted both sexual battery and unlawful sexual conduct with a minor and was committed with a single animus. Therefore, he maintains that the offenses were subject to merger under R.C. 2941.25.

{¶ 7} Because Cox failed to raise an allied-offense argument below, we are limited to plain error review. In *State v. Patel*, 2d Dist. Greene No. 2010-CA-77, 2011-Ohio-6329, ¶79 n.2, we recognized that imposing multiple sentences for allied offenses of similar import does constitute plain error. The record before us fails to establish, however, that Cox's sexual battery and unlawful sexual conduct with a minor convictions were subject to merger. In the plain-error context, we will not presume that offenses are subject to merger where the record contains no facts to support such a conclusion. *State v. Adams*, 2d Dist. Montgomery No. 22493, 2009-Ohio-2056, ¶15-16.

{¶ 8} Here the record reflects that Cox was indicted on two counts of unlawful sexual conduct with a minor for acts that occurred between September 1, 2009 and January 25, 2011. He later was indicted on two counts of sexual battery, again for acts that occurred between September 1, 2009 and January 25, 2011. All four charges were filed after Cox admitted having sex with his stepdaughter more than 100 times. At the plea hearing, the prosecutor explained that the two counts for unlawful sexual conduct involved "separate acts within the date range." (Plea transcript at 6). With regard to the second indictment for two

counts of sexual battery, the prosecutor explained that "these are two distinct sex acts." (*Id.* at 7). In light of this explanation, and Cox's admission to engaging in more than 100 sex acts, the record reasonably can be read as involving a no-contest plea to four separate sex acts occurring at different times.

{¶ 9} To accept Cox's allied-offense argument, we would need to overlook the prosecutor's unchallenged explanation during the plea hearing and Cox's admission that he engaged in more than 100 acts of sexual intercourse with his stepdaughter. We would need to presume that the State erroneously based the unlawful sexual conduct and sexual battery charges on just two instances of sexual activity rather than four. In a plain-error analysis, however, we do not presume error. To the contrary, a defendant bears the burden of establishing an "obvious" error. *State v. Barrett*, 8th Dist. Cuyahoga No. 97614, 2012-Ohio-3948, ¶8. "[T]o the extent that appellate review requires the application of the plain error doctrine, it is an oxymoron to find plain error [where] there are insufficient facts in the record necessary to determine whether error occurred at all. If we cannot determine whether error exists because of the absence of facts in the record on appeal, it follows that there is no plain error that is 'obvious.'" *Id.* at ¶10.

{¶ 10} We do not dispute that each time Cox had sex with his stepdaughter he simultaneously committed sexual battery and unlawful sexual conduct with a minor. *See* R.C. 2907.03(A)(5) (prohibiting sexual conduct between a stepparent and stepchild) and R.C. 2907.04(A) (prohibiting sexual conduct between an adult and a child under age sixteen). We also agree that no separate animus existed for the two offenses each time Cox had sex with his stepdaughter. Therefore, if only two instances of sexual activity were at issue, merger would

be required.

{¶ 11} As noted above, however, Cox admitted having sex with his stepdaughter more than 100 times. Particularly in light of the prosecutor's explanation at the plea hearing, the indictments reasonably can be read as charging him with four representative counts, two involving sexual battery and two involving unlawful sexual conduct with a minor. In *Johnson*, the Ohio Supreme Court recognized that allied offenses do not merge if they are committed "separately." *Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, at ¶51. In the plain-error context, we find that to be the case here. Compare *Adams*, 2009-Ohio-2056, at ¶16 ("Simply put, there is nothing in the record demonstrating that any of the counts should be treated as allied offenses of similar import, necessitating merger. No facts were placed on the record suggesting the same animus for multiple counts, nor are there facts in the record suggesting anything less than distinct counts. Plain error is not demonstrated."). The first assignment of error is overruled.

{¶ 12} In his second assignment of error, Cox claims the trial court erred in overruling his suppression motion. He asserts that "trickery and deceit" by the detective rendered his *Miranda* waiver involuntary. Specifically, Cox contends he "was tricked as to what crime he would be interrogated about in the jail[.]" According to Cox, the detective deceived him into believing he would be questioned about rape. Cox argues that he "was concerned with exculpating himself from a charge that was never going to be presented against him" and that the detective's deception should have resulted in suppression of his confession.

{¶ 13} In rejecting Cox's argument, the trial court was "not persuaded that simply

advising a suspect that he is being investigated for a more serious charge than is ultimately placed in an Indictment is trickery, let alone coercion." We agree. The detective told Cox he was being questioned about allegations of rape and unlawful sexual conduct with a minor. (Suppression Tr. at 21-22). The record reflects that his stepdaughter did claim to have been raped. (*Id.* at 24). Cox told the detective the rape allegation was a lie. (*Id.* at 25). Although rape charges ultimately were not filed, the record establishes that the detective had a good-faith basis for telling Cox a rape allegation was being investigated. In short, we see no trickery, deceit, or anything else sufficient to render Cox's *Miranda* waiver involuntary.

**{¶ 14}** Cox's reliance on *State v. Wilson*, 31 Ohio App.3d 133, 508 N.E.2d 1002 (12th Dist.1986), fails to persuade us otherwise. He cites *Wilson* for the proposition that "where a suspect is interrogated about crimes other than those which he consented to discuss, a trial court errs in not granting a motion to suppress." (Appellant's brief at 11). In *Wilson*, the defendant waived his *Miranda* rights prior to taking a polygraph examination about a breaking and entering. Prior to the actual test, he was asked a control question about other crimes. The Twelfth District held that the defendant's *Miranda* waiver was invalid as to the other crimes because he did not know he would be asked about them.

**{¶ 15}** The present case is distinguishable from *Wilson*. Here the detective advised Cox he was being questioned about illegal sexual activity with his stepdaughter. The detective mentioned rape and unlawful sexual conduct with a minor as possible charges. During the interview, Cox in fact was questioned about illegal sexual activity with his stepdaughter. Cox has not identified any crimes unrelated to sexual activity with his stepdaughter about which he

was questioned.[1]   Therefore, his reliance on *Wilson* is misplaced. The second assignment of error is overruled.

{¶ 16}   The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . .

FAIN, P.J, concurs.

FROELICH, J., concurring:

{¶ 17}   I concur on the record before us.   Convictions for multiple acts over a lengthy time period can raise problems at trial if there is not some minimal differentiation in the indictment, bill of particulars, and/or jury charge and verdicts.   *State v. Shaw*, 2d Dist. Montgomery No. 21880, 2008-Ohio-1317.   But here there was one victim, an admission to over 100 offenses, pleas which did not contest separate offenses and no objection to the sentences.

. . . . . . . . . . . .

Copies mailed to:

Mathias H. Heck
Andrew T. French
Bryan Penick
Hon. Frances E. McGee

---

[1] Although the detective did not specifically mention a possible sexual battery charge, "it is not necessary that a suspect understand the nature of every offense of which he is suspected or all possible subjects of questioning in order for his waiver of *Miranda* rights to be valid." (Citations omitted.)   *State v. Brown*, 2d Dist. Montgomery No. 19113, 2002-Ohio-6370, ¶19. Cox certainly knew he had been accused of having sex with his stepdaughter even if he was not informed of every law that such conduct might violate.