[Cite as *State v. Adams*, 2014-Ohio-528.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY

STATE OF OHIO                          :
                                       :        Appellate Case No. 25772
        Plaintiff-Appellee             :
                                       :        Trial Court Case No. 06-CR-1867
v.                                     :
                                       :
CHARLES E. ADAMS                       :        (Criminal Appeal from Montgomery
                                       :         County Common Pleas Court)
        Defendant-Appellant            :
                                       :

. . . . . . . . . . .

O P I N I O N

Rendered on the 14th day of February, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by KIRSTEN A. BRANDT, Atty. Reg. #0070162, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

CHARLES E. ADAMS, #565-489, Lebanon Correctional Institution, Post Office Box 56, Lebanon, Ohio 45036
        Defendant-Appellant, *pro se*

. . . . . . . . . . . .

HALL, J.,

{¶ 1}    Charles E. Adams appeals pro se from the trial court's decision and entry overruling his "motion to vacate and/or suspend court fines."

{¶ 2}    In his sole assignment of error, Adams contends the trial court erred in failing to

waive "court cost[s], fines, or fees."

{¶ 3}     The record reflects that Adams was convicted and sentenced in 2007 following a no-contest plea to charges of rape, kidnapping, aggravated robbery, victim intimidation, gross sexual imposition, and theft. This court affirmed on direct appeal. *See State v. Adams*, 2d Dist. Montgomery No. 22493, 2009-Ohio-2056. Thereafter, Adams unsuccessfully sought post-conviction relief in the trial court. He later filed a pro se motion to vacate or suspend fines. The trial court overruled the motion based on res judicata. This appeal followed.

{¶ 4}     As set forth above, Adams asserts that the trial court erred in failing to waive "court cost[s], fines, or fees." He claims entitlement to such a waiver because he is indigent. He also cites *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, for the proposition that res judicata does not apply.

{¶ 5}     Upon review, we find Adams' argument to be without merit. As a threshold matter, we note that the caption of his motion below requested a waiver of fines totaling $362.99. In the body of his motion, he also referred to this sum as "fines." In an accompanying affidavit, however, he suggested that it represented "court costs." On appeal, he refers to fines and court costs interchangeably. Based on our review of the record, Adams' financial obligation appears to consist of court costs.

{¶ 6}     Regardless of the nature of the obligation, however, we agree with the trial court that res judicata precludes him from challenging it now. If Adams believes the trial court erred in imposing court costs or a fine, he should have raised the issue on direct appeal. In *Joseph*, the case upon which Adams relies, the Ohio Supreme Court recognized that an objection to court costs (or, by analogy, a fine) ordinarily must be made at sentencing to preserve the issue for appeal. *Joseph* recognized an exception, however, when a trial court fails to mention court costs

during a sentencing hearing. A trial court errs in failing to tell a defendant at sentencing that it is imposing court costs. *Joseph* at ¶ 22. The error is not harmless because it deprives the defendant of an opportunity to contest the imposition of costs. *Id.* Under such circumstances, principles of waiver and res judicata do not apply, and the issue may be raised on direct appeal. *State v. Lunsford*, 193 Ohio App.3d 195, 2011-Ohio-964, 951 N.E.2d 464, ¶ 15 (2d Dist.).

{¶ 7}     Here Adams claims the trial court did not mention court costs at sentencing but imposed them in its termination entry, thereby bringing his case within the scope of *Joseph*. We disagree. Even if what Adams says is true,[1] *Joseph* is distinguishable. If the trial court failed to address court costs at sentencing, *Joseph* would permit the issue to be raised on direct appeal and res judicata would not apply. But this is not a direct appeal. The direct appeal was resolved in May 2009. Adams has appealed from the trial court's denial of a post-judgment motion challenging the imposition of a fine and/or court costs. He filed that motion on April 25, 2013, long after his conviction, sentence and his appeal had become final. Under such circumstances, we agree with the trial court that res judicata precludes Adams from challenging the financial obligation imposed in the 2007 termination entry. *Cf. Lunsford* at ¶ 13 ("[W]e conclude that Lunsford's original termination entry required him to pay court costs incurred up to that time. In his first direct appeal, he did not challenge that order. Therefore, * * * Lunsford's obligation to pay costs related to his initial conviction and sentencing is res judicata.").[2]

---

[1] The record before us does not contain a sentencing-hearing transcript.

[2] We note that the traditional reason for denying a post-judgment motion to waive court costs had been that a trial court had no jurisdiction to modify its judgment in this regard once issued. However, effective 3–22–2013, R.C. 2947.23(C) was amended to     provide "The court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution, including any costs under section 2947.231 of the Revised Code, at the time of sentencing or at any time thereafter."

{¶ 8} Adams' assignment of error is overruled, and the trial court's judgment is affirmed.

. . . . . . . . . . . . .

FAIN, and WELBAUM, JJ., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Kirsten A. Brandt
Montgomery County Prosecutor's Office
P.O. Box 972
Dayton, OH 45422

Charles E. Adams #565-489
Lebanon Correctional Institution
P.O. Box 56
Lebanon, OH 45036

Hon. Michael Tucker
Montgomery County Common Pleas Court
41 N. Perry Street
Dayton, OH 45422