[Cite as *State v. Luedeke*, 2014-Ohio-959.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                    :          C.A. CASE NO.    25798

v.                                               :          T.C. NO.   09CR1204, 09CR1832
                                                             10CR3055,
                                                             11CR2093

RYAN A. LUEDEKE                                  :          (Criminal appeal from
                                                            Common Pleas Court)

    Defendant-Appellant                   :

                                                 :

           . . . . . . . . . .

**O P I N I O N**

Rendered on the ___14th___ day of _____March_____, 2014.

. . . . . . . . . .

MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W.
Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

RYAN A. LUEDEKE, 5017 Lindbergh Blvd., West Carrollton, Ohio 45449
    Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

     **{¶ 1}**  This matter is before the Court on the pro se Notices of Appeal of

Ryan Luedeke, filed June 17, 2013. Luedeke appeals from the May 24, 2013 decision of the trial court that overruled his "Motion to Suspend Payment of Court Costs and Fines," which Luedeke filed in the following cases: 2009 CR 1204, in which Luedeke was convicted on one count of aggravated arson (occupied structure), a felony of the second degree; 2009 CR 1832, in which Luedeke was convicted of theft (elderly disabled person), a felony of the fifth degree; 2010 CR 3055, in which Luedeke was convicted of theft (property), a felony of the fifth degree; and 2011 CR 2093, in which Luedeke was convicted of theft (property), a felony of the fifth degree. We hereby affirm the judgment of the trial court.

{¶ 2} The record reflects that in case number 2009 CR 1204, Luedeke was sentenced on April 14, 2010, following a no contest plea, to community control sanctions for a period not to exceed five years, and he was ordered to pay restitution to Bo Jangles Night Club in the amount of $130.00. On October 14, 2011, the record reflects that Luedeke appeared before the court, having violated the conditions of community control granted on April 13, 2010, and the court sentenced him to two years to be served concurrently to the sentences imposed in case numbers 2009 CR 1832, 2010 CR 3055, and 2011 CR 2093. The trial court also ordered Luedeke to pay restitution in the amount of $130.00 to BoJangles Night Club. In case number 2009 CR 1832, on April 14, 2010, following a guilty plea, the trial court sentenced Luedeke to community control sanctions for a period not to exceed five years and ordered him to pay restitution in the amount of $3,010.00 to Miriam Berkshire. On October 14, 2011, after Luedeke violated the conditions of community control, the court sentenced him to a six month term and ordered him to pay restitution to Miriam Berkshire in the amount of $3,010.00. In case number 2010 CR 3055, the record reflects that on March 9, 2011, following a guilty plea, the trial court sentenced

Luedeke to community control not to exceed five years, and that on October 14, 2011, after Luedeke violated the conditions of community control, the court sentenced him to a six month term. Finally, on October 14, 2011, in case no. 2011 CR 2093, following a guilty plea, the trial court sentenced Luedeke to a six month term and ordered him to pay restitution to Jane Luedeke in the amount of $400.00.

{¶ 3}     On April 5, 2013, prior to filing his Motion to Suspend Payment of Court Costs and Fines, Luedeke filed a pro se Motion to Vacate/ Remit Court Cost, in which he asserted that the trial court at sentencing failed to comply with R.C. 2947.23.  On May 13, 2013, the court issued an "Entry and Order Warrant for Removal," ordering the sheriff to present Luedeke for "re-sentencing" on May 21, 2013.

{¶ 4}     In his motions of May 21, 2013, Luedeke, represented by counsel, asked the court to suspend "the payment of court costs and fines until Defendant has completed his sentence.  Defendant is scheduled to be released on September 8, 2013.  Monies deposited on his behalf at the institution are being withdrawn to pay court costs and fines, leaving Defendant with very little funds for toiletries and other items."  The motions provide that Luedeke "has a job lined up upon his release and will, therefore, have a source to pay his fines, court costs and his restitution at that time."  The motion provides that Luedeke "is not asking for a waiver or forgiveness of the payment of these obligations; he merely wishes to postpone the payment of these obligations for a few months until he is released and begins gainful employment."

{¶ 5}     In its decision overruling Luedeke's motion, the trial court found as follows:

* * * Defendant provides no legal authority under which the Court may issue this "stay of execution", nor does he provide legal authority which might

support such a request. The common pleas courts do not have inherent power to suspend the execution of a sentence unless authorized by statute. *State v. Smith*, 42 Ohio St.3d 60, 537 N.E.2d 198, paragraph one of the syllabus (1989). Furthermore, the Supreme Court of Ohio has previously held that the clerk of courts is *required* to collect court costs from nonindigent defendants, and *may* collect from indigent criminal defendants, despite the ruling of indigency. *State v. Threatt*, 108 Ohio St.3d 277, ¶ 2, 2006 Ohio 905, 843 N.E.2d 164; *See State v. White*, 103 Ohio St.3d 580, 2004 Ohio 5989, 817 N.E.2d 393. Such collections are permitted to take place using any method that is available to collect a civil money judgment, as well as methods provided by R.C. § 5120.133. *Id.*

{¶ 6} Luedeke asserts one assignment of error herein as follows:

"THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO CONSIDER APPELLANT'S PRESENT AND FUTURE ABILITY TO PAY COURT COST, FINES AND RESTITUTION PURSUANT TO R.C. 2929.19(B)(6) AND DENIED APPELLANT'S MOTION TO VACATE OR REMIT COURT COST."

{¶ 7} Luedeke asserts that on May 21, 2013, "the trial court transported appellant back from the the Ohio Department of Rehabilitation & Corrections and conducted a hearing * * * pursuant to § 2947.23(A)(1). At that hearing, the trial court failed to take into consideration, appellant's present and future ability to [pay] a fine, cost and restitution as it did at the original sentencing hearing conducted on April 13, 2010."

{¶ 8} We initially note that the record before us does not reflect that Luedeke was "resentenced" by the trial court on May 21, 2013, and Luedeke has not provided a transcript of

any court proceeding, if in fact one took place.

{¶ 9}     Regarding court costs, we note that R.C. 2974.23 was amended, effective March 22, 2013, and that R.C. 2947.23(C) provides as follows: "The court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution, including any costs under section 2947.231 of the Revised Code, at the time of sentencing or at any time thereafter." *See*, *State v. Adams,* Montgomery No. 25772, 2014-Ohio-528, fn. 2.  We conclude, pursuant to R.C. 2974.23(C), that the trial court erred in failing to consider the suspension of Luedeke's court costs.

{¶ 10}   Regarding fines, the record reflects that no fines were imposed upon Luedeke.

{¶ 11}   To the extent that Luedeke's motions were addressed to restitution, the Ohio Supreme Court, in *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), syllabus at ¶ 9, determined as follows:

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

We conclude that the doctrine of res judicata barred Luedeke's motions as to restitution, since he could have raised the issue of restitution on direct appeal.

{¶ 12}   The portion of the trial court's decision addressed only to court costs is reversed and remanded, and the judgment is affirmed in all other respects.

. . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.

Copies mailed to:

Michele D. Phipps
Ryan A. Luedeke
Hon. Gregory F. Singer