[Cite as *State v. Adams*, 197 Ohio App.3d 491, 2011-Ohio-6305.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

THE STATE OF OHIO,                                          :

    Appellee,                                          :C.A. CASE NO. 24372

v.                                                          :T.C. NO.10CR216/1

ADAMS,                                                      :(Criminal appeal from
                                       Common Pleas Court)
    Appellant.                                          :

. . . . . . . . . .

## O P I N I O N

Rendered on the   9th   day of    December   , 2011.

. . . . . . . . . .

Mathias Heck, Montgomery County Prosecuting Attorney, and R. Lynn Nothstine, Assistant Prosecuting Attorney, for appellee.

Thomas W. Kidd Jr., for appellant.

. . . . . . . . . .

DONOVAN, Judge.

{¶ 1} Defendant-appellant, Darryl E. Adams Sr., appeals his conviction and sentence for one count of theft, in violation of R.C. 2913.02(A)(1), one count of breaking and entering, in violation of 2911.13(B), and one count of possession of criminal tools, in violation of 2923.24(A), all felonies of the fifth degree.

I

{¶ 2} The incident that forms the basis for this appeal occurred on January

15, 2010, when Officer Shoemaker of the Englewood Police Department was dispatched to a tractor-supply store located on Salem Avenue after a report that an alarm had been activated inside the store. Upon arriving at the scene, Shoemaker observed a green van parked next to a dumpster behind the store. Shoemaker parked his cruiser next to the vehicle and got out. Shoemaker observed that the rear hatch on the van was open, and two pieces of equipment, a snow blower and a wood chipper, were located inside the rear of the vehicle. Shoemaker also observed an individual, later identified as Adams, attempting to force the items into the van. Adams was subsequently arrested along with his son, Darryl Adams Jr., as well as a female, Diane Jones, who were also at the scene. Adams Sr. was later found by the police to be in possession of a pair of bolt cutters.

{¶ 3} On March 15, 2010, Adams was indicted for one count of theft, one count of breaking and entering, and one count of possession of criminal tools. At his arraignment on March 30, 2010, Adams stood mute, and the trial court entered a plea of not guilty on his behalf.

{¶ 4} On July 8, 2010, Adams entered negotiated pleas of guilty to the charges of theft and possession of criminal tools, after the state agreed to dismiss the breaking-and-entering charge. At the state's recommendation, the court agreed to a concurrent sentence if a prison term was imposed. During the sentencing hearing on September 2, 2010, however, the court refused to honor the agreement and recommended sentence. Thus, the trial court permitted Adams to withdraw his plea.

{¶ 5} On October 18, 2010, Adams entered guilty pleas to all three counts, and the trial court sentenced Adams to a 21-month prison term. Because the trial

court failed to properly outline the terms of the aggregate sentence, Adams was resentenced to 12 months in prison for the theft offense, nine months for possession of criminal tools, and nine months for breaking and entering. The possession-of-criminal-tools and breaking-and-entering convictions were to run concurrently with each other, but consecutive to the theft conviction, resulting in an aggregate sentence of 21 months in prison.

{¶ 6} It is from this decision that Adams now appeals.

II

{¶ 7} Adams's sole assignment of error is as follows:

{¶ 8} "The trial court erred to the prejudice of the appellant in failing to find theft, breaking and entering, and possession of criminal tools are allied offenses of similar import involving the same act of theft and thus the convictions should be merged at sentencing."

{¶ 9} Upon review, we conclude that the record before us contains insufficient facts to render a determination regarding whether Adams's convictions for theft and breaking and entering are allied offenses of similar import and therefore subject to merger. Accordingly, this matter is remanded to the trial court to conduct a hearing and make a factual determination whether Adams's convictions for theft and breaking and entering should be merged.

Cause remanded.

. . . . . . . . . .

FROELICH and HALL, JJ., concur.