[Cite as *State v. Adams*, 2012-Ohio-4440.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO                          :
                                       :     Appellate Case No.   25088
          Plaintiff-Appellee           :
                                       :     Trial Court Case No. 10-CR-216/1
v.                                     :
                                       :
DARRYL E. ADAMS                        :     (Criminal Appeal from
                                       :      Common Pleas Court)
          Defendant-Appellant          :
                                       :

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of September, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by L. LYNN NOTHSTINE,  Atty. Reg. #0061560, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, Post Office Box 972, 301 West Third Street, Dayton, Ohio 45422
          Attorney for Plaintiff-Appellee

ROBERT ALAN BRENNER, Atty. Reg. #0067714, Post Office Box 341021, Beavercreek, Ohio 45434
          Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1}    Darryl E. Adams appeals from his re-sentencing following a remand for the trial court to hold a hearing to determine whether his theft and breaking-and-entering

convictions were allied offenses of similar import.

{¶ 2} Adams advances two assignments of error on appeal. First, he contends the trial court erroneously limited its hearing to his theft and breaking-and-entering convictions. He claims the trial court also should have considered whether his conviction for possession of criminal tools was subject to merger. Second, Adams alleges ineffective assistance of trial counsel based on his attorney's failure to argue that the criminal-tools conviction should have merged with the theft conviction.

{¶ 3} The charges against Adams stemmed from his after-hours removal of a snow blower and a wood chipper from a Tractor Supply store. Police discovered Adams at the scene with the snow blower and wood chipper in the back of his van. The two pieces of equipment were connected to one another by a metal cable loop that was wired to an alarm. When Adams placed the items in his van, he unknowingly pulled the wire, tripped the alarm, and alerted police. In addition to the snow blower and wood chipper, police found bolt cutters in his van.

{¶ 4} Based on the foregoing incident, Adams pled guilty to theft, breaking and entering, and possession of criminal tools. The trial court sentenced him to an aggregate prison term of twenty-one months. Adams appealed, arguing that the three convictions should have merged at sentencing as allied offenses of similar import. This court resolved the appeal in a December 9, 2011 opinion, reasoning:

> Upon review, we conclude that the record before us contains insufficient facts to render a determination regarding whether Adams' convictions for theft and breaking and entering are allied offenses of similar import, and therefore, subject to merger. Accordingly, this matter is remanded

to the trial court to conduct a hearing and make a factual determination whether Adams' convictions for theft and breaking and entering should be merged.

Remanded for further proceedings consistent with this opinion.

*State v. Adams*, 197 Ohio App.3d 491, 2011-Ohio-6305, 968 N.E.2d 16, ¶ 9 (2d Dist.).

**{¶ 5}** The trial court held the required hearing on February 16, 2012. The only witness was Adams. He testified about seeing the snow blower and wood chipper outside the Tractor Supply store and deciding to steal them. (Tr. at 14-15). As he pulled the items to his van, Adams noticed a steel cable wrapped around both of them. (*Id*. at 16). He proceeded to place the items in his van with the cable around them. (*Id*.). He testified that it was not necessary for him to break the cable loose from the snow blower and wood chipper in order to steal them. (*Id*. at 18). Adams admitted not knowing the cable loop had been attached to an alarm that alerted police. (*Id*. at 16). Finally, he admitted that bolt cutters were present in the van when police arrived. He asserted, however, that they were present among other tools and that he had not used them in the theft. (*Id*. at 19-20).

**{¶ 6}** Based on Adams' testimony, the trial court found that the theft and breaking and entering were allied offenses of similar import under *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. The State elected to proceed with sentencing on the theft conviction. The trial court re-sentenced Adams to twelve months in prison for theft and a consecutive nine months for the possession-of-criminal-tools conviction. (*Id*. at 28-29).These were the same sentences the trial court previously had imposed for those offenses. The result was that he again received an aggregate twenty-one-month prison term.[1]

---

[1] Despite the merger, Adams' aggregate prison term did not change because the trial court previously had ordered two nine-month

{¶ 7}    In his first assignment of error, Adams contends the trial court erred in restricting its remand hearing to his theft and breaking-and-entering convictions. As noted above, he claims the trial court additionally should have determined whether his possession-of-criminal-tools conviction was subject to merger under *Johnson*. In making this argument, Adams notes that our prior opinion did not address merger of the criminal-tools conviction. He asserts that this omission "was clearly a scrivener's error and [that] it was an abuse of discretion for the trial judge to refuse to consider the possession of criminal tools conviction in the merger analysis." (Appellant's brief at 6).

{¶ 8}    We disagree. On remand, this court specifically instructed the trial court "to conduct a hearing and make a factual determination whether Adams' convictions for theft and breaking and entering should be merged." The trial court complied with this remand order, and it lacked the authority to do anything more. *State v. Russell*, 2d Dist. Montgomery Nos. 18155, 18194, 2000 WL 1547085, *8 (Oct. 20, 2000); *State v. Letts*, 2d Dist. Montgomery No. 17084, 1999 WL 42011, *3 (Jan. 29, 1999) (recognizing that "trial courts have no discretion to disregard the mandate of a reviewing court, and they have no authority to extend or vary the mandate given"). Accordingly, the first assignment of error is overruled.

{¶ 9}    In his second assignment of error, Adams contends he received ineffective assistance counsel on remand based on his attorney's failure to seek merger of the possession-of-criminal-tools conviction.

{¶ 10}    Again, we disagree.   The remand was for a specific, limited purpose. Given

---

sentences for breaking and entering and possession of criminal tools to be served concurrent to each other but consecutive to a twelve-month sentence for theft. Therefore, removing the breaking-and-entering sentence from the equation did not change the result.

that our remand order did not permit the trial court to consider whether the criminal-tools and theft convictions merged, defense counsel did not provide deficient representation by failing to urge the trial court to exceed the purpose of the remand order. Adams' second assignment of error is overruled.

{¶ 11}   The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FAIN and DONOVAN, JJ., concur.


Copies mailed to:

Mathias H. Heck, Jr.
R. Lynn Nothstine
Robert Alan Brenner
Hon. Steven K. Dankof