[Cite as *State v. Woodum*, 2013-Ohio-3287.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25217 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2011-CR-2995 |
| v. | : | |
| | : | |
| DOMINIQUE B. WOODUM | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of July, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by APRIL F. CAMPBELL, Atty. Reg. #0089541, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

LUCAS W. WILDER, Atty. Reg. 30074057, 120 West Second Street, Suite 400, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.,

{¶ 1}    Dominique B. Woodum appeals from his conviction and sentence following a guilty plea to three counts of felonious assault and one count of discharging a firearm at or into a

habitation.

{¶ 2}    In his sole assignment of error, Woodum contends the trial court erred in failing to merge the discharging-a-firearm and felonious-assault convictions as allied offenses of similar import.

{¶ 3}    Woodum pled guilty to the foregoing charges and related firearm specifications in exchange for dismissal of a drive-by-shooting specification and the imposition of an agreed five-year prison sentence. Although the record contains few facts, a pre-sentence investigation report indicates that the charges involved Woodum's act of driving up to a residence and firing shots into it. There were three people inside the home at the time. The victims called the police and reported that their house had been "shot up" with shots "all through the residence." Woodum allegedly fired the shots in retaliation for a dispute over his girlfriend. After his plea, the trial court imposed the agreed-upon sentence. It consisted of four, two-year concurrent prison terms (one for each of the four substantive counts) and a consecutive three-year term on merged firearm specifications.

{¶ 4}    On appeal, Woodum argues that the trial court should have merged discharging a firearm at or into a habitation with felonious assault as allied offenses of similar import.[1] Although he did not raise this issue below and such merger would not impact his agreed-upon aggregate sentence, failure to merge allied offenses of similar import constitutes plain error even when concurrent sentences are involved. *State v. McGhee*, 2d Dist. Montgomery No. 23226, 2010-Ohio-977, ¶ 87. On the record before us, however, we find no plain error.

{¶ 5}    Under the now-familiar test set forth in *State v. Johnson*, 128 Ohio St.3d 153,

---

[1] We raised this potential merger issue in a November 9, 2012 decision and entry setting aside an *Anders* brief.

2010-Ohio-6314, 942 N.E.2d 1061, discharging a firearm at or into a habitation and felonious assault can be allied offenses of similar import. The "same conduct" can be used to prove both offenses where, as here, a defendant fires multiple shots into an occupied residence. *See*, *e.g.*, *State v. Lavender*, 1st Dist. Hamilton No. C-120508, 2013-Ohio-2508, ¶8-9. We can envision a scenario where a defendant fires shots into a residence at locations where he knows or expects particular people to be, and also fires indiscriminately into the residence in the same burst of gunfire. However, in the absence of specific information to separate the conduct of targeting specific persons from the conduct of shooting at the residence itself, the offenses also typically are not committed "separately" where a defendant fires the multiple shots in rapid succession. *Id.* at ¶10. The real question here is whether Woodum committed his offenses with a separate "animus," which refers to his purpose or immediate motive which may be inferred from the circumstances. *Id*. at ¶11.

{¶ 6}     The State argues that Woodum had a purpose to "shoot up" the house that was distinct from his purpose to shoot at the occupants. The State points out that he shot "all through the residence" and argues that he was not in sufficient proximity to any particular victim to determine that he had a singular motive to shoot a person. For his part, Woodum argues that he acted with a single animus when he fired into the house. He acknowledges, however, that because "the facts are little known" on the record, "it is difficult to determine if the facts of this case support merger or not." (Appellant's brief at 6).

{¶ 7}     In their respective briefs, both parties recognize that with fact-specific inquiries courts have reached different conclusions as to whether discharging a firearm at or into a habitation and felonious assault merge under R.C. 2941.25 post-*Johnson*. *See*, *e.g.*, *Lavender* at

¶15 (finding no separate animus); *State v. Kelly*, 5th Dist. Stark No. 2012CA00067, 2012-Ohio-5875, ¶26 (finding a separate animus); *State v. Whipple*, 2012-Ohio-2938, 972 N.E.2d 1141, ¶37 (1st Dist.) (finding a separate animus); *State v. Hodges*, 1st Dist. Hamilton No. C-110630, 2013-Ohio-1195, ¶17 (finding no separate animus). Generally speaking, evidence that a defendant fired a large number of shots or "shot up" a residence tends to support a finding of a separate animus. *Kelly* at ¶26; *Whipple* at ¶40-42.

**{¶ 8}**     Here Woodum admits the absence of evidence as to the specific number of shots he fired into the house. The occupants reported, however, that he had "shot up" the house and fired "all through the residence." Based on these facts, we find no plain error in the trial court's failure to merge discharging a firearm at or into a habitation and felonious assault. The limited record reasonably supports a finding that Woodum acted with a separate animus when he committed the discharging-a-firearm offense and the felonious assaults. Moreover, "[i]n the plain-error context, we will not presume that offenses are subject to merger where the record contains no facts to support such a conclusion." *State v. Cox*, 2d Dist. Montgomery No. 25143, 2013-Ohio-301, ¶7, citing *State v. Adams*, 2d Dist. Montgomery No. 22493, 2009-Ohio-2056, ¶15-16. "'[T]o the extent that appellate review requires application of the plain error doctrine, it is an oxymoron to find plain error [where] there are insufficient facts in the record necessary to determine whether error occurred at all. If we cannot determine whether error exists because of the absence of facts in the record on appeal, if follows that there is no plain error that is obvious.'" *Id.* at ¶9, quoting *State v. Barrett*, 2012-Ohio-3948, 974 N.E.2d 185, ¶10 (8th Dist.); *see Adams* at ¶16 ("Simply put, there is nothing in the record demonstrating that any of the counts should be treated as allied offenses of similar import, necessitating merger. No facts were

placed on the record suggesting the same animus for multiple counts, nor are there facts in the record suggesting anything less than distinct counts.").

{¶ 9}  On occasion, we have remanded a case for a trial court to make a finding with regard to allied offenses where the record contains "insufficient facts" to make a determination. *See*, *e.g.*, *State v. Adams*, 197 Ohio App.3d 491, 2011-Ohio-6305, 968 N.E.2d 16 (2d Dist.). We decline Woodum's request  to do so here, however, where the record does contain sufficient facts to demonstrate the absence of plain error, which is the narrow issue before us. Because Woodum has not met his burden of demonstrating plain error, we cannot say the trial court erred in failing to merge discharging a firearm at or into a habitation with felonious assault.[2] Accordingly, the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . .

FAIN, P.J., and WELBAUM, J., concur.

Copies mailed to:

Mathias H. Heck
April F. Campbell
Lucas W. Wilder
Hon. Gregory F. Singer

---

[2] In its appellate brief, the State also argues that Woodum's three felonious assault convictions were not subject to merger with one another because three victims exist. We need not address this issue, however, as Woodum has not raised it on appeal. He argues only that the discharging-a-firearm conviction should have merged with the felonious assaults.