[Cite as *State v. Sanders*, 2013-Ohio-4824.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 25505 |
| v. | : | T.C. NO. 11CR4311 |
| AISHA SANDERS | : | (Criminal appeal from Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____1st____ day of ____November____, 2013.

. . . . . . . . . .

CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

MARSHALL G. LACHMAN, Atty. Reg. No. 0076791, 75 North Pioneer Blvd., Springboro, Ohio 45066
        Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1} Aisha Sanders was found guilty on her no contest pleas to aggravated murder (prior calculation and design), aggravated murder (felony murder), aggravated robbery (deadly weapon), aggravated robbery (serious physical harm), and tampering with evidence.

At sentencing, the trial court merged the two aggravated murder charges and the two aggravated robbery charges, and sentenced Sanders to 25 years to life for aggravated murder (prior calculation and design), three years for aggravated robbery (serious physical harm), and 36 months for tampering with evidence. The tampering with evidence sentence was to run concurrently with the other sentences, but the court ordered the aggravated robbery sentence to run consecutively to the aggravated murder sentence, for an aggregate sentence of 28 years to life in prison.

{¶ 2} Sanders appeals from her conviction, claiming that the trial court erred in failing to consider merging the aggravated murder and aggravated robbery counts as allied offenses of similar import.

{¶ 3} R.C. 2941.25 provides that:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 4} "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be

considered." *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 106, syllabus. The Ohio Supreme Court explained:

> * * * [T]he question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other. * * * If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.
>
> If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." * * *
>
> If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.
>
> Conversely, if the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge.

(Citations and quotations omitted.) *Johnson* at ¶ 47–51.

**{¶ 5}** The defendant bears the burden to prove entitlement to merger. *State v. Jackson*, 2d Dist. Montgomery No. 24430, 2012-Ohio-2335, ¶ 134, citing *State v. Thomas*, 10th Dist. Franklin No. 10AP–557, 2011-Ohio-1191, ¶ 16. Sanders did not ask the trial court to merge the aggravated murder and aggravated robbery charges as allied offenses of

similar import. Accordingly, we review the trial court's decision for plain error.

{¶ 6} In *Jackson*, we stated that aggravated murder and aggravated robbery "each requires an act of violence, and it is possible that the victim could die from the serious physical harm inflicted in the course of the aggravated robbery, resulting in the victim's murder. Thus, it is possible to commit murder under R.C. 2903.02(B) and aggravated robbery under R.C. 2911.01(A)(3) with the same conduct." *Id*. at ¶ 139. The same is true with respect to aggravated murder under R.C. 2903.02(A) and aggravated robbery under R.C. 2911.01(A)(3). Because it is possible to commit aggravated murder and aggravated robbery with the same conduct, we must examine Sanders's conduct to determine whether she did, in fact, commit the two offenses with the same conduct and the same animus. *Johnson* at ¶ 50–51.

{¶ 7} As an initial matter, Sanders asserts that the record is inadequate for us to conduct a meaningful evaluation of whether her aggravated murder and aggravated robbery charges should have merged. She asks us to remand the matter to the trial court for "a proper analysis of the facts to determine whether or not these counts should merge for the purpose of sentencing."

{¶ 8} Sanders entered no contest pleas in this case. Consequently, the underlying facts of Sanders's offenses were not elucidated through a trial. Nevertheless, the trial court held a hearing on Sanders's motion to suppress evidence, at which time the State offered into evidence a DVD of Sanders's oral confession to Detective Clymer of the Montgomery County Sheriff's Office and her written statements. In addition, the parties submitted sentencing memoranda and the court ordered a presentence investigation; that report is part

of the record. We conclude that the record contains sufficient information from which to determine whether the trial court should have merged Sanders's aggravated murder and aggravated robbery charges for sentencing.

{¶ 9} "Several courts have held that, where the force used to effectuate an aggravated robbery is far in excess of that required to complete the robbery, or where the circumstances suggest that a separate intent to kill existed, the offenses of aggravated robbery and murder do not merge." *Jackson* at ¶ 140, citing *State v. Diggle*, 3d Dist. Auglaize No. 2-11-19, 2012-Ohio-1583 (evidence of prior conflict with victim and defendant's use of force in excess of that required to complete robbery found to demonstrate separate animus for murder), *State v. Ruby*, 6th Dist. Sandusky No. S-10-028, 2011-Ohio-4864, ¶ 61 (beating of elderly, disabled victims demonstrated separate animus for aggravated robbery and attempted murder, because the beating far exceeded that necessary to effectuate the robbery), and *State v. Tibbs*, 1st Dist. Hamilton No. C-100378, 2011-Ohio-6716, ¶ 48 (shooting victim in face and head from close range during course of aggravated robbery demonstrated a specific intent to kill).

{¶ 10} According to record before us, Sanders beat her 87-year-old grandmother, who had raised her and with whom she lived, with a frying pan in the kitchen of their home. Sanders placed her grandmother in a bin that she got from the garage and put the bin in the bathroom attached her grandmother's bedroom. Sanders quickly cleaned the kitchen floor and the frying pan and changed her clothes. She then took her grandmother's television, left in her grandmother's car, and traded the television for crack cocaine. Sanders drove around until her grandmother's car ran out of gas. Sanders was located and apprehended by the

Ohio State Patrol.

{¶ 11} During Sanders's subsequent interview with Detective Clymer, Sanders stated that she had checked her grandmother's bank account balances and discovered that there was no money left in the accounts. Sanders stated that she "hadn't realized what damage [she] had done * * * to the finances" due to her crack addiction. When Sanders realized that they did not have enough money to eat, she took some of her grandmother's Ativan and smoked some crack. At that time, Sanders thought that if she hit her grandmother over the head with a frying pan, her grandmother "would pass on and she [grandmother] wouldn't have to deal with this." Sanders planned to trade the television for crack cocaine and then come home and commit suicide by running the car in the garage. Sanders told the detective that she believed that she would only need to hit her grandmother once, but she hit her grandmother "a few times after I put the towel over her" in order to kill her.

{¶ 12} The coroner's report indicated that Sanders's grandmother suffered multiple blunt force traumas to the head, causing fractures of the skull; the coroner determined that she was struck two or three times with a frying pan. She also had lacerations to the back and lower left side of her head. Her right wrist and right hip were fractured; both injuries occurred prior to her death.

{¶ 13} Under the facts presented in this case, the trial court could have reasonably concluded that Sanders's use of force far exceeded that necessary to complete the robbery and/or that she had a separate intent to kill her grandmother. Sanders's statement to the detective indicated that Sanders's grandmother had fallen after being hit once, but Sanders

hit her repeatedly afterward. Sanders had also indicated that she had killed her grandmother so that her grandmother "wouldn't have to deal with" the financial problems Sanders had created. Thus, the trial court did not err in when it did not merge the aggravated murder and the aggravated robbery charges for sentencing.

{¶ 14}   Sanders's assignment of error is overruled.

{¶ 15}   The trial court's judgment will be affirmed.

. . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies mailed to:

Carley J. Ingram
Marshall G. Lachman
Hon. Mary Katherine Huffman