[Cite as *State v. Bryant*, 2013-Ohio-5105.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

        Plaintiff-Appellee,              :              No. 12AP-703
                                            (C.P.C. No. 12CR-01-270)

v.                                                :

                                            (REGULAR CALENDAR)

Willis Bryant, Jr.,                              :

        Defendant-Appellant.            :

---

D E C I S I O N

Rendered on November 19, 2013

---

*Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

*Bellinger & Donahue*, and *Kerry M. Donahue*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} This is an appeal by defendant-appellant, Willis Bryant, Jr., from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas following appellant's entry of a guilty plea to one count of aggravated burglary and one count of rape.

{¶ 2} On January 19, 2012, appellant was indicted on one count of kidnapping, in violation of R.C. 2905.01, one count of aggravated burglary, in violation of R.C. 2911.11, two counts of gross sexual imposition, in violation of R.C. 2907.05, one count of attempted rape, in violation of R.C. 2923.02 and 2907.02, and one count of rape, in violation of R.C. 2907.02.

{¶ 3} On August 14, 2012, appellant entered a guilty plea to one count of aggravated burglary and one count of rape. On August 15, 2012, appellant filed a motion

to withdraw his guilty plea.  On August 16, 2012, the trial court conducted a hearing on the motion.  At the close of the hearing, the court denied the motion to withdraw guilty plea.  The trial court filed a judgment entry on August 16, 2012, sentencing appellant to a term of ten years incarceration for aggravated burglary, and eleven years incarceration for rape, with the sentences to be served consecutively.

{¶ 4}  On appeal, appellant sets forth the following three assignments of error for this court's review:

> I. The trial court erred by convicting and sentencing the Appellant to consecutive sentences for two alleged felonies of the first degree when one alleged felony, if committed at all, was merely incidental to the committing of the other alleged felony.
>
> II. The trial court erred to the prejudice of appellant by denying appellant's motion to withdraw his guilty plea.
>
> III. Appellant's guilty plea was not given knowingly, voluntarily, and intelligently, for reasons including but not limited to the fact that trial counsel rendered ineffective assistance of counsel in violation of appellant's rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Sections 10 and 16 Article I of the Ohio Constitution.

{¶ 5}  Appellant raises two separate issues under the first assignment of error: (1) whether the trial court erred in failing to merge the convictions for rape and aggravated burglary, and (2) whether the trial court erred by imposing consecutive sentences without making necessary statutory findings under R.C. 2929.14(C)(4).  As to the first issue, appellant argues that the facts provided by the prosecution at the time of the guilty plea are insufficient to resolve the issue of whether the offenses of aggravated burglary and rape are allied offenses of similar import that should have been merged for purposes of sentencing.

{¶ 6}  During the plea hearing, the prosecutor summarized the facts regarding the incident at issue as follows:

> This incident occurred in Franklin County, * * * December 5th of 2011, at * * * 3685 Cleveland Avenue, Apartment A-9.  Miss * * * Lindsey is a resident there.  Mr. Bryant also lives just down the street at 3734 Cleveland Avenue.   The two had

crossed paths before but didn't really know * * * one another very well.

Mr. Bryant confronted her in the area of her apartment, producing a knife or a box-cutter-type weapon, forced her back into her apartment, where there he grabbed her nipples, he groped her on top of her jeans. He threatened her, threatened to kill her if she did not have sex with him. He attempted vaginal intercourse. She said that she was on her period so that she couldn't do that. Mr. Bryant became more angry, taking the knife, holding it to her throat and head area, forcing her to perform fellatio then on him. * * * She pretended to comply so that he would not harm her because he was threatening to kill her with this weapon.

She then - - there was a scuffle that ensued during this. He fled, she fled, she was able to get back into her apartment, lock the door, called 9-1-1.

(Tr. 24-25.)

{¶ 7} Appellant contends that, assuming the facts are sufficient to justify a conviction for aggravated burglary, the crimes of rape and aggravated burglary do not qualify as separate crimes justifying a maximum plus consecutive sentence. Appellant argues that the Supreme Court of Ohio's recent decision in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, requires a factual inquiry by the trial court into a criminal defendant's conduct. According to appellant, any breach of the victim's doorway in the instant case would be merely happenstance to the alleged rape being committed simultaneously, and not a purposeful act committed with a separate animus.

{¶ 8} R.C. 2941.25 states as follows:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 9}   As noted, appellant cites the Supreme Court's recent decision in *Johnson* in asserting that the conduct of an accused must be considered in determining whether two offenses are allied offenses of similar import subject to merger for purposes of sentencing. Prior to *Johnson,* the Supreme Court held that crimes are allied offenses of similar import "[i]f the elements of the crimes ' "correspond to such a degree that the commission of one crime will result in the commission of the other." ' " *State v. Rance,* 85 Ohio St.3d 632, 636 (1999), overruled by *Johnson,* quoting *State v. Jones,* 78 Ohio St.3d 12, 13 (1997).  In performing this analysis, the Supreme Court held that courts should compare the statutory elements in the "abstract."  *Rance* at 636.  In a subsequent decision, the Supreme Court clarified *Rance* to hold that "if, in comparing the elements of the offenses in the abstract, the offenses are so similar that the commission of one offense will necessarily result in commission of the other, then the offenses are allied offenses of similar import."  *State v. Cabrales,* 118 Ohio St.3d 54, 2008-Ohio-1625, paragraph one of the syllabus.

{¶ 10} In 2010, the Supreme Court expressly overruled *Rance* "to the extent that it calls for a comparison of statutory elements solely in the abstract under R.C. 2941.25." *Johnson* at ¶ 44.  The court in *Johnson* held that a trial court "must determine prior to sentencing whether the offenses were committed by the same conduct," and therefore "the court need not perform any hypothetical or abstract comparison of the offenses at issue in order to conclude that the offenses are subject to merger."  *Id.* at ¶ 47. Accordingly, "[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered."  *Id.* at syllabus.

{¶ 11} The state maintains that the Supreme Court's decision in *Johnson* left untouched earlier decisions standing for the proposition that, in determining whether multiple offenses share a similar import, courts are to compare the elements to determine whether the commission of one offense "will necessarily result" in commission of the other offense.  This court, however, has rejected the state's argument on this issue, and "we have consistently applied the two-part test set forth in the *Johnson* plurality opinion when conducting allied-offense analysis."  *State v. Damron,* 10th Dist. No. 12AP-209,

2012-Ohio-5977, ¶ 11, citing *State v. Carson,* 10th Dist. No. 11AP-809, 2012-Ohio-4501, ¶ 16.

{¶ 12} Under the two-part *Johnson* analysis, "we first examine whether the offenses are able to be committed with the same conduct." *Damron* at ¶ 11. *See also State v. Rivera,* 10th Dist. No. 10AP-945, 2012-Ohio-1915, ¶ 59, citing *Johnson* at ¶ 48 ("The first question is whether it is possible to commit one offense and commit the other offense with the same conduct"). If it is possible to commit both offenses with the same conduct, the test then requires the court to determine whether the offenses were, in fact, committed by the same conduct, "i.e., 'a single act, committed with a single state of mind.' " *Johnson* at ¶ 49. If the answer to both of these inquires is yes, merger is required; however, "if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge." *Id.* at ¶ 51.

{¶ 13} Turning to the offenses at issue in the instant case, rape is defined under R.C. 2907.02(A)(2) as "sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." R.C. 2911.11(A)(1), the aggravated burglary statute, provides as follows:

> No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:
>
> The offender inflicts, or attempts or threatens to inflict physical harm on another.

{¶ 14} The act of aggravated burglary, as defined under R.C. 2911.11(A)(1), "is not complete until the offender inflicts, attempts, or threatens physical harm to another." *State v. Ozevin,* 12th Dist. No. CA2012-06-044, 2013-Ohio-1386, ¶ 13, citing *State v. Seymore,* 12th Dist. No. CA2011-07-131, 2012-Ohio-3125, ¶ 24.

{¶ 15} Prior to *Johnson,* "[i]t was widely understood that aggravated burglary under R.C. 2911.11(A)(1) is not allied with an offense of violence that occurs after the defendant has entered the premises." *State v. Ruff,* 1st Dist. No. C-120533, 2013-Ohio-

3234, ¶ 30, citing *State v. Frazier*, 73 Ohio St.3d 323, 343 (1995) (offenses of aggravated murder and aggravated burglary not allied); *State v. Moss*, 10th Dist. No. 99AP-30 (Dec. 28, 1999) (offenses of aggravated burglary and rape not allied); *State v. Lamberson*, 12th Dist. No. CA2000-04-012 (Mar. 19, 2001) (offenses of aggravated burglary and rape not allied).

{¶ 16} The decision in *Johnson,* however, "changes the analysis." *Ruff* at ¶ 31. Thus, "[s]ubsequent to *Johnson,* courts have concluded that aggravated burglary under R.C. 2911.11(A)(1) merges with another felony where the physical-harm element in subpart (A)(1) consists of the same conduct necessary to prove an element of the other felony." *Id.* at ¶ 32.

{¶ 17} In applying the *Johnson* analysis, courts have determined "it is possible to commit rape under R.C. 2907.02(A)(2) and aggravated burglary under R.C. 2911.11(A)(1) with the same conduct." *State v. Nguyen,* 4th Dist. No. 12CA14, 2013-Ohio-3170, ¶ 108. Specifically, "[t]he force or threat of force used to commit the rape could satisfy the requirement for aggravated burglary that the offender 'inflicts, or attempts or threatens to inflict physical harm on another.' " *Id.*, quoting R.C. 2911.11(A)(1). *See also Ruff* at ¶ 33 (applying *Johnson* to find defendant's convictions for aggravated burglary and rape were allied offenses, pursuant to R.C. 2941.25, as the conduct relied upon to establish rape, sex compelled by force, was the same as the conduct relied upon by the state to establish the "physical harm" component in R.C. 2911.11(A)(1)). However, even though the offenses are of similar import, a defendant "can be sentenced for both if he committed the crimes separately or with a separate animus." *Nguyen* at ¶ 108.

{¶ 18} While courts applying *Johnson* have determined it is possible to commit rape and aggravated burglary with the same conduct, the further inquiry under *Johnson* is whether the offenses were in fact committed by the same conduct. In the present case, the issue of merger was not discussed during the sentencing hearing, and the record does not indicate that the trial court considered or applied *Johnson,* including an examination of appellant's conduct, at the time of sentencing. Ohio courts have held "where the record suggests that multiple offenses to which a defendant has pled guilty or no contest may be allied offenses of similar import, but the record is inconclusive in that regard, the trial court has a duty to conduct inquiry concerning the circumstances of the offenses, and the

trial court's failure to do so is plain error." *State v. Cleveland,* 2d Dist. No. 24379, 2011-Ohio-4868, ¶ 19. *See also State v. Adams,* 197 Ohio App.3d 491, 2011-Ohio-6305, ¶ 9 (2d Dist.) (record contains insufficient facts to render a determination whether defendant's convictions, following guilty plea, for theft and breaking and entering are allied offenses of similar import, requiring remand to trial court to conduct hearing and make factual determination whether convictions should be merged).

{¶ 19} In the present case, the record does not include a pre-sentence investigation report, and the prosecutor's summary statement at the plea hearing contains the only factual background regarding the incident. Upon review, while the limited facts as recited by the prosecutor raise an issue as to whether the offenses are subject to merger, the record on appeal is not developed sufficiently to determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." *Johnson* at ¶ 49. We therefore conclude that this matter should be remanded to the trial court to "apply *Johnson* [and] to consider appellant's conduct" and determine whether appellant's offenses should merge. *Rivera* at ¶ 66. As previously noted, even though the offenses may be of similar import, appellant "can be sentenced for both if he committed the crimes separately or with a separate animus." *Nguyen* at ¶ 108.

{¶ 20} Appellant also contends the trial court erred by failing to make requisite findings under R.C. 2929.14 before imposing consecutive sentences. In *State v. Hunter,* 10th Dist. No. 13AP-196, 2013-Ohio-4013, ¶ 7, this court observed that H.B. No. 86 restored the requirement that trial courts set forth findings when consecutive sentences are imposed. Specifically, R.C. 2929.14(C)(4) requires a trial court to make three findings before imposing consecutive sentences: " '(1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one of the subsections (a), (b), or (c) apply.' " *Id.*, quoting *State v. Hubbard,* 10th Dist. No. 11AP-945, 2013-Ohio-2735, ¶ 86.

{¶ 21} Upon review of the record in the instant case, we agree with appellant that the trial court failed to make the requisite findings under R.C. 2929.14(C)(4). Specifically, during the sentencing hearing, the trial court merely announced the sentence, stating: "I'm sentencing you to 11 years on the rape count and I'm sentencing you to 10 years on

the agg. burg.  That is to be served consecutive to each count.  That is for a 21-year period."  (Tr. 28.)  A trial court's failure to make the requisite statutory findings requires a reviewing court to vacate the sentence and remand for re-sentencing.  *Hubbard* at ¶ 87 ("Because the trial court failed to comply with R.C. 2929.14(C)(4), by failing to make any of the required findings on the record before imposing consecutive sentences, we must vacate defendant's sentence and remand the case  for resentencing").  Further, this court has held that the "[f]ailure to fully comply with R.C. 2929.14(C)(4) is plain error as a matter of law." *State v. Bailey,* 10th Dist. No. 12AP-699, 2013-Ohio-3596, ¶ 46.

{¶ 22} However, in light of our determination that this matter be remanded to the trial court for re-sentencing in order for the trial court to apply *Johnson* and determine whether the offenses are subject to merger*,* the issue as to error by the court in failing to make the requisite statutory findings before imposing consecutive sentences is rendered moot.  Upon remand, if the trial court determines the offenses do not merge, the court must then determine whether consecutive sentences are appropriate, pursuant to R.C. 2929.14(C)(4), and make necessary findings for the imposition of consecutive sentences.

{¶ 23} Accordingly, the first assignment of error is sustained to the extent provided above.

{¶ 24} Appellant's second and third assignments of error are interrelated and will be considered together.  Under these assignments of error, appellant argues that his guilty plea was not entered knowingly, voluntarily, and intelligently, and that the trial court erred in denying his motion to withdraw the plea.  Appellant contends he was unaware of the possible sentence he faced upon conviction, and that the entire plea process was tainted because of a conflict he had with trial counsel; appellant maintains new counsel should have been provided prior to his plea, and that he received ineffective assistance of counsel during the plea proceedings.

{¶ 25} Crim.R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 26} At the outset, appellant argues that this court should review his motion to withdraw under the more lenient standard for pre-sentence motions (as opposed to the

manifest injustice standard for post-sentence motions) because he filed his motion the day after the trial court imposed sentence, but prior to the court's filing of the judgment entry.  We disagree.

{¶ 27}  In *State v. Hall,* 10th Dist. No. 03AP-433, 2003-Ohio-6939, ¶ 10, this court addressed and rejected this same argument, concluding that, "[r]egardless of whether the judgment entry had been filed, sentence had been imposed and appellant was aware that he was going to prison."  In so holding, this court reasoned that "[t]he purpose of a motion to withdraw a guilty plea after sentence has been imposed is to correct a manifest injustice, not to allow the defendant to test the weight of potential punishment and, if dissatisfied, withdraw his guilty plea."  *See also State v. Matthews,* 6th Dist. No. WD-10-025, 2011-Ohio-1265, ¶ 26 ("Where a Crim.R. 32.1 motion is made after the trial court pronounced sentence at the sentencing hearing but before a sentencing judgment is filed, the motion is to be treated as a postsentence motion under the rule"); *State v. Neeley,* 12th Dist. No. CA2008-08-034, 2009-Ohio-2337, ¶ 6 ("Appellant's request to withdraw his plea came after pronouncement of sentence, that is, after a sentencing hearing was held and appellant learned what the sentence would be, and, therefore, the appropriate standard is withdrawal only to correct a manifest injustice").

{¶ 28}  Thus, because appellant's motion to withdraw his plea was made after sentencing, "the issue before the trial court was whether granting the motion would correct a manifest injustice."  *State v. Ikharo*, 10th Dist. No. 10AP-967, 2011-Ohio-2746, ¶ 8.  A "[m]anifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process."  *State v. Williams*, 10th Dist. No. 03AP-1214, 2004-Ohio-6123, ¶ 5, citing *Hall* at ¶ 12.  A trial court's decision denying a post-sentence motion to withdraw a guilty plea is subject to review for abuse of discretion.  *State v. Bieksza,* 10th Dist. No. 12AP-176, 2012-Ohio-5976, ¶ 10.

{¶ 29}  In order to prevail on a claim of ineffective assistance of counsel, appellant must satisfy the two-part test as set forth in *Strickland v. Washington,* 466 U.S. 668 (1984), which requires a defendant to show that (1) his counsel's performance was deficient, and (2) that the deficient performance prejudiced his defense.  As applied to guilty pleas, in order to establish prejudice a defendant must show that, but for counsel's

errors, he would not have entered a guilty plea. *State v. Xie,* 62 Ohio St.3d 521, 524 (1992).

{¶ 30} Appellant's contention that he was unaware of the potential sentence he faced is belied by the record. The "entry of guilty plea," signed by appellant and his counsel, states that appellant faced a potential sentence of 11 years each on Counts 2 and 6, for a total sentence of 22 years. During the plea hearing, the prosecutor noted that appellant would be entering a guilty plea to Counts 2 and 6, and that "[e]ach one of these would carry a maximum of 11 years incarceration for a total of 22 years in prison." (Tr. 21.) The trial court similarly informed appellant that each count carried a maximum 11-year sentence. The record also indicates that the court fully advised appellant of his rights under Crim.R. 11 at the time of the plea. Thus, the record indicates appellant was aware of the maximum sentence he faced, and his mere "disappointment in or dissatisfaction with the sentence imposed is not alone a basis for granting his motion to withdraw his guilty plea." *State v. Harper,* 10th Dist. No. 06AP-733, 2007-Ohio-2590, ¶ 15, citing *State v. Glass,* 10th Dist. No. 04AP-967, 2006-Ohio-229, ¶ 20. Upon review, the trial court did not abuse its discretion in denying appellant's motion to withdraw guilty plea.

{¶ 31} We also find unpersuasive appellant's contention that his counsel was ineffective in suggesting he would only receive a sentence of 11 years. At the hearing on the motion to withdraw, appellant claimed that he relied on his counsel's "word * * * that I would be sentenced to probably between 11 and no more than 15 years." (Tr. 41.) At that hearing, the prosecutor represented that defense counsel "throughout this case has literally beaten me up to get a * * * better deal for his client." (Tr. 31.) The prosecutor further represented that, "[g]iven the egregious facts that are part of this record and [appellant's] criminal history, I was unwilling to waiver from what he did end up ultimately pleading guilty to." (Tr. 31.)

{¶ 32} As previously noted, the maximum sentence for the two offenses was stated in open court, and the sentencing range for the two counts was set forth in the entry of guilty plea signed by appellant. Appellant's contention that he was unaware of the potential sentence he faced due to representations of his counsel is not persuasive in light of the record presented. However, even had counsel misinformed appellant about the sentence, " 'an attorney's "mere inaccurate prediction of a sentence" does not demonstrate

the deficiency component of an ineffective assistance of counsel claim.' " *State v Boysel,* 3d Dist. No. 15-10-09, 2011-Ohio-1732, ¶ 11, quoting *United States v. Martinez,* 169 F.3d 1049, 1053 (7th Dist.1999). *See also Glass* at ¶ 34, quoting *Wiant v. United States,* No. 2:04-CV-256 (S.D.Ohio 2005) (noting "courts have held that, 'where an adequate guilty plea hearing has been conducted, an erroneous prediction or assurance by defense counsel regarding the likely sentence does not constitute grounds for invalidating a guilty plea on grounds of ineffective assistance of counsel' ").

{¶ 33} Appellant also contends the plea process was tainted by trial counsel's hostility toward him. In general, "a defendant has no constitutional right to an attorney he or she likes, or an attorney who likes him or her," and "[a] poor attorney-client relationship in and of itself is not grounds for ineffective assistance of counsel." *State v. King,* 4th Dist. No. 95CA2380 (Nov. 13, 1996). Further, in order to be entitled to a discharge of appointed counsel, a defendant must demonstrate "a breakdown in the attorney-client relation of such magnitude as to jeopardize his right to effective assistance of counsel." *State v. Mathis,* 6th Dist. No. L-92-299 (Nov. 5, 1993), citing *State v. Coleman*, 37 Ohio St.3d 286, 292 (1988). In the instant case, the record does not indicate that any alleged conflict between appellant and counsel resulted in a breakdown of the attorney-client relationship such that appellant was denied effective assistance of counsel.

{¶ 34} Appellant's second and third assignments of error are without merit and are overruled.

{¶ 35} Based upon the foregoing, appellant's first assignment of error is sustained to the extent provided above, and the second and third assignments of error are overruled. Accordingly, the judgment of the Franklin County Court of Common Pleas is affirmed in part with respect to appellant's conviction and the trial court's denial of his motion to withdraw guilty plea, but appellant's sentence is vacated, and this matter is remanded to the trial court for proper sentencing, including application of *Johnson* and all applicable statutory sentencing provisions.

*Judgment affirmed in part and reversed in part; cause remanded with instructions.*

TYACK and CONNOR, JJ., concur.

———————————————