[Cite as *State v. Fahl*, 2014-Ohio-328.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK   COUNTY

STATE OF OHIO                                    :
                                                 :        Appellate Case No. 2013-CA-5
          Plaintiff-Appellee                     :
                                                 :        Trial Court Case No. 12-CR-812
v.                                               :
                                                 :
SCOTT FAHL                                       :        (Criminal Appeal from
                                                 :         Common Pleas Court)
          Defendant-Appellant                    :
                                                 :

. . . . . . . . . . .

O P I N I O N

Rendered on the 31st day of January, 2014.

. . . . . . . . . . .

LISA M. FANNIN, Atty. Reg. #0082337, Clark County Prosecutor's Office, 50 East Columbia
Street, Post Office Box 1608, Springfield, Ohio 45501
          Attorney for Plaintiff-Appellee

JOE CLOUD, 3973 Dayton-Xenia Road, Beavercreek, Ohio 45432
          Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}     Defendant-appellant Scott L. Fahl appeals from his conviction and sentence,

following a guilty plea, for two counts of Rape, in violation of R.C. 2907.02(A)(2), and one count

of Gross Sexual Imposition, in violation of R.C. 2907.05(A)(4).   He contends that the trial court

erred by failing to merge the two Rape offenses, and that the trial court erred by imposing consecutive sentences for the three offenses.

{¶ 2}     Fahl did not request merger of the two Rape offenses to which he pled guilty; therefore, this assignment of error is governed by the plain-error standard of review.   The arrest report attached to the pre-sentence investigation report reflects that the two Rape offenses, although occurring on the same day and involving the same victim, constituted two separate incidents occurring at different times.   Accordingly, we find no plain error.   The trial court made the necessary findings for the imposition of consecutive sentences.   We conclude, therefore, that the trial court did not err in imposing consecutive sentences.   Accordingly, the judgment of the trial court is affirmed.

## I.   The Course of Proceedings

{¶ 3}     Although Fahl's original indictment is not in our record, the arrest report reflects that Fahl was originally charged with two counts of Rape involving a victim under the age of thirteen,[1] involving forcible digital penetration of the same victim, "once in the kitchen and the other when he was in bed with [the victim's] younger sister."   Fahl was also charged with one count of Gross Sexual Imposition, with the victim being the sister of his Rape victim, who was also under the age of thirteen.

{¶ 4}     The record reflects that at some point a plea bargain was negotiated, wherein the entire original indictment was dismissed, and Fahl pled guilty to a bill of information charging him with two forcible Rapes, in violation of R.C. 2907.02(A)(2), and Gross Sexual Imposition,

---

[1] The record reflects that both of Fahl's victims were, in fact, under the age of ten.

thereby avoiding the possibility of life imprisonment under the original indictment. R.C. 2971.03(A)(3)(d)(i). During the plea colloquy, the trial court advised Fahl of the nature of the two Rape offenses to which he was pleading guilty in general terms:

> The nature of the offenses to which you are pleading guilty in the bill of information in Count One is that between May 1st and May 2, 2012 at Clark County, Ohio, you did engage in sexual conduct with another person when you purposely compelled the other person to submit by force or threat of force. Count Two is that between those same dates, May 1st and May 2, 2012, at Clark County, Ohio, you did engage in sexual conduct with another person when you purposely compelled the other to submit by force or threat of force.

{¶ 5} The prosecutor had previously set forth on the record the nature of the two Rape offenses in the same, general terms.

{¶ 6} The trial court accepted Fahl's plea of guilty to all three offenses, ordered a pre-sentence investigation, and set the matter over for a sentencing hearing, at which Fahl and his attorney were accorded a full opportunity to address the court. The trial court sentenced Fahl to the maximum term of eleven years on each of the Rape counts, and to the maximum term of five years on the Gross Sexual Imposition count, to be served consecutively, for a total sentence of twenty-seven years.

{¶ 7} From his conviction and sentence, Fahl appeals.

**II. The Trial Court Did Not Commit Plain Error When it Failed**

**to Merge the Two Rape Convictions for Sentencing Purposes**

**{¶ 8}**    Fahl's First Assignment of Error is as follows:

THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING

TO MERGE COUNTS ONE AND TWO FOR SENTENCING PURPOSES.

**{¶ 9}**    Fahl relies upon *State v. Adams*, 197 Ohio App.3d 491, 2011-Ohio-6305, 968 N.E.2d 16 (2d Dist.) for the proposition that: "A trial court must conduct a hearing and make a factual determination whether two convictions should be merged."   In *Adams*, at ¶9, we held:

> Upon review, we conclude that the record before us contains insufficient facts to render a determination regarding whether Adams's convictions for theft and breaking and entering are allied offenses of similar import and therefore subject to merger.   Accordingly, this matter is remanded to the trial court to conduct a hearing and make a factual determination whether Adams's convictions for theft and breaking and entering should be merged.

**{¶ 10}**    There is no discussion, in *Adams*, whether the merger issue was preserved in the trial court for appellate review.   Assuming that it was, we agree with the State that *Adams* has been superseded by subsequent authority from this court.   In *State v. Sanders*, 2d Dist. Montgomery No. 25505, 2013-Ohio-4824, ¶ 5, we held that:

> The defendant bears the burden to prove entitlement to merger.   *State v. Jackson*, 2d Dist. Montgomery No. 24430, 2012–Ohio–2335, ¶ 134, citing *State v. Thomas*, 10th Dist. Franklin No. 10AP–557, 2011–Ohio–1191, ¶ 16.   Sanders did not ask the trial court to merge the aggravated murder and aggravated robbery charges as allied offenses of similar import.   Accordingly, we review the trial court's decision for plain error.

{¶ 11} "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph 3 of syllabus.

{¶ 12} The arrest report attached to the pre-sentence investigation report, which is part of our record, reflects that the two Rape offenses, although committed against the same victim on the same day, constituted two different acts of digital penetration at two different times. With respect to one count, the report states: "THE DEF ADMITTED TO PENETRATING THE C.V. (* * *) AGE 9, WHILE WATCHING HER AND HER SIBLINGS WHILE THEIR MOTHER LEFT THE HOUSE." With respect to the other count, the report states: "THE DEF ADMITTED TO DIGITALLY PENETRATING THE C.V. (* * *) AGE 9, WHILE HER AND HER SISTER, C.V. (* * *), AGE 7, WERE SLEEPING."

{¶ 13} Similarly, the Probable Cause Affidavit in the arrest report states:

On 5/9/12, Jamie Fricke from CCJFS, interviewed [the victim] at the Child Advocacy Center where she gave accounts of 2 separate of [sic] incidents where Fahl digitally penetrated her, once in the kitchen and the other when he was in bed with her younger sister (see related case number 12-31290).

{¶ 14} From the foregoing, we conclude that the two digital penetrations constituting Fahl's rapes of his victim were likely sufficiently separated in time (if not also in space) to have constituted separate acts, not subject to merger. Therefore, the circumstances of the case before us are not "exceptional circumstances" requiring notice of plain error "to prevent a manifest miscarriage of justice."

{¶ 15} Fahl's First Assignment of Error is overruled.

### III. The Trial Court Did Not Err in Imposing Consecutive Circumstances

{¶ 16}  Fahl's Second Assignment of Error is as follows:

THE TRIAL COURT ERRED AS A MATTER OF LAW AT THE PLEA AND SENTENCING HEARINGS VIOLATING THE DEFENDANT'S RIGHTS TO DUE PROCESS WHEN IT FAILED TO APPLY THE APPLICABLE RULES AND STATUTES.

{¶ 17}  In support of his Second Assignment of Error, Fahl argues, again, that the two Rape counts should have merged.   We rejected this argument in Part II, above.

{¶ 18}  It is not clear that in Fahl's Second Assignment of Error he is making any other argument, but he does argue in the Conclusion of his brief that the trial court "failed to comply with the law regarding * * * , and the imposition of consecutive sentences."

{¶ 19}  We find no error in the imposition of consecutive sentences.   R.C. 2929.14(C)(4) sets forth the findings the trial court must make before it may impose consecutive sentences:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the

offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 20} The trial court made necessary and appropriate findings:

The defendant has served a prior prison term for breaking and entering back in 2010. I find that the defendant's conduct is more serious under [R.C.] 2929.12(B) because the injury to the victims was exacerbated by their age, both victims being under the age of ten.

I find that the victims have suffered psychological harm, and the defendant's relationship with the victims[2] facilitated the offense.

I find that recidivism is more likely because the defendant has a history of criminal convictions and delinquency adjudications. He's not responded

---

[2] The record reflects the nature of Fahl's relationship to his victims, but for the purpose of protecting the identity of the victims from public scrutiny, we choose not to state that relationship in this opinion.

favorably to sanctions previously imposed in adult or juvenile court.

I find that consecutive sentences are necessary to protect the public from future crime and to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and to the danger he poses to the public.

I find that at least two of the offenses were committed as part of a course of conduct and the harm caused by these multiple offenses was so great or unusual that no single prison term for any of the offenses committed adequately reflects the seriousness of the defendant's conduct.

{¶ 21} The findings the trial court made include the findings required by R.C. 2929.14(C)(4), proper, and one of the additional findings required: to wit, the finding set forth in sub-division (b). We do not "clearly and convincingly" find either that the record does not support the trial court's findings under R.C. 2929.14(C)(4), or that the sentence is otherwise contrary to law. R.C. 2953.08(G)(2).

{¶ 22} Assuming, without deciding, that we also have authority to reverse a criminal sentence if we find it to constitute an abuse of discretion,[3] we conclude that the sentence imposed, while severe, and not necessarily the sentence we would have imposed, is not an abuse of discretion. In addition to the findings of the trial court quoted above suggesting the seriousness of Fahl's offense, the facts in the record suggest that Fahl, but for the negotiated plea agreement, could have been convicted of forcible rape of a child under the age of ten, and could then have been sentenced under R.C. 2907.02(B) to life imprisonment without the possibility of

---

[3] Fahl does not appear to be arguing that his sentence should be reversed under an abuse of discretion standard.

parole.

**{¶ 23}**   Fahl's Second Assignment of Error is overruled.

## IV.   Conclusion

**{¶ 24}**   Both of Fahl's assignments of error having been overruled, the judgment of the

trial court is Affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and DONOVAN, J., concur.

Copies mailed to:

Lisa M. Fannin
Joe Cloud
Hon. Douglas M. Rastatter