[Cite as *State v. Brown*, 2014-Ohio-728.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25805 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 12-CR-2110 |
| v. | : | |
| | : | |
| AARON D. BROWN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of February, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MATTHEW T. CRAWFORD, Atty. Reg. #0089205, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

ELIZABETH C. SCOTT, Atty. Reg. #0076045, 120 West Second Street, Suite 603, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.,

{¶ 1}     Aaron D. Brown appeals from his conviction and sentence on three counts of aggravated robbery, four counts of having weapons while under disability, and a firearm

specification.

{¶ 2}     In his sole assignment of error, Brown contends the trial court erred in failing to merge the four weapons-under-disability counts into two such counts for purposes of sentencing.

{¶ 3}     The record reflects that Brown pled guilty to the charges set forth above. During the plea hearing, the issue of merger arose. (Tr. at 41). The prosecutor stipulated that counts seven and nine, which charged having weapons while under disability, would merge for sentencing. (*Id*. at 44). The prosecutor also stipulated that counts eight and ten, which charged having weapons while under disability, would merge for sentencing. (*Id*.). As a result, the prosecutor represented that there  "will be two weapons under disability charges that he'll be sentenced for." (*Id*.). At sentencing, however, the trial court did not engage in merger. It imposed a separate sentence for each of the four weapons-under-disability charges. It did, however, make the sentences on counts seven and eight concurrent to one another and the sentences on counts nine and ten concurrent to one another. (*Id*. at 65).

{¶ 4}     On appeal, Brown contends the trial court erred in imposing four separate sentences for the weapons-under-disability convictions despite the prosecutor's stipulation that allied-offense merger applied. Although neither the trial court nor defense counsel re-raised the merger issue at sentencing, a failure to merge allied offenses of similar import constitutes plain error even when concurrent sentences are involved. *State v. Woodum*, 2d Dist. Montgomery No. 25217, 2013-Ohio-3287, ¶ 4.

{¶ 5}     For its part, the State concedes that the trial court erred in failing to merge counts seven and nine and to merge counts eight and ten. The State notes that counts seven and nine both involved an incident on July 1, 2012, whereas counts eight and ten both involved an incident on July 9, 2012.   In light of its merger stipulation, the State urges us to reverse and remand for

the trial court to merge counts seven and nine and to allow the State to elect which of those counts it wants to pursue at sentencing. Likewise, the State asks us to reverse and remand for the trial court to merge counts eight and ten and to allow the State to elect which of those counts it wants to pursue at sentencing.

{¶ 6} In light of the State's stipulation of merger and its concession of error, the trial court's judgment will be reversed and the cause will be remanded for the limited purpose of merging counts seven and nine and merging counts eight and ten. After such merger, the State shall elect to proceed with sentencing on either count seven or nine and on either count eight or ten. *See State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 25 ("If, upon appeal, a court of appeals finds reversible error in the imposition of multiple punishments for allied offenses, the court must reverse the judgment of conviction and remand for a new sentencing hearing at which the state must elect which allied offense it will pursue against the defendant.").

{¶ 7} Based on the reasoning set forth above, Brown's assignment of error is sustained. The trial court's judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . .

FROELICH, P.J., and FAIN, J., concur.

Copies mailed to:

Mathias H. Heck
Matthew T. Crawford
Elizabeth C. Scott
Hon. Mary L. Wiseman